Hon. Thomas J. Spargo Corporation Counsel, Rome
This is in response to your letter wherein you request our opinion as to the powers of a police officer to make arrests for violations of law while off duty.
Criminal Procedure Law, § 140.10 deals with arrests by a police officer without a warrant, and states, as follows:
 "§ 140.10 Arrest without a warrant; by police officer; when and where authorized
 "1. Subject to the provisions of subdivision two, a police officer may arrest a person for:
 "(a) Any offense when he has reasonable cause to believe that such person has committed such offense in his presence; and
 "(b) A crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise.
 "2. A police officer may arrest a person for a petty offense, pursuant to subdivision one, only when:
 "(a) Such offense was committed or believe by him to have been committed within the geographical area of such police officer's employment; and
 "(b) Such arrest is made in the county in which such offense was committed or believed to have been committed or in an adjoining county; except that the police officer may follow such person in continuous close pursuit, commencing either in the county in which the offense was or is believed to have been committed or in an adjoining county, in and through any county of the state, and may arrest him in any county in which he apprehends him.
 "3. A police officer may arrest a person for a crime, pursuant to subdivision one, whether or not such crime was committed within the geographical area of such police officer's employment, and he may make such arrest within the state, regardless of the situs of the commission of the crime. In addition, he may, if necessary, pursue such person outside the state and may arrest him in any state the laws of which contain provisions equivalent to those of section 140.55."
Criminal Procedure Law, § 140.15, subdivision 1, provides that a police officer may arrest a person for an offense, pursuant to the above-stated section 140.10, at any hour of any day or night. This would suggest that the police officer need not be necessarily on duty. (SeePeople v Neuschatz, 88 Misc.2d 433, affd 40 N.Y.2d 935.)
Criminal Procedure Law, § 140.20, sets forth the various procedures that must be followed by the police officer after an arrest of the person.
The Criminal Procedure Law does not distinguish between an off-duty or on-duty police officer regarding the right to arrest without a warrant. It is noted that Criminal Procedure Law, § 140.25, relates to an arrest without a warrant by a peace officer. Said section places some restrictions on a peace officer who is not "acting pursuant to his specialized duties", which is defined, in part, as an integral part of his job duties. There is no similar restriction contained in said section 140.10 regarding police officers.
The only restriction placed on a police officer herein is in dealing with an arrest for a petty offense pursuant to subdivision 2 of Criminal Procedure Law, § 140.10. In that situation, the offense must be committed or believed by the police officer that it was committed within the geographical area of the police officer's employment.
Accordingly, we conclude that an off-duty police officer has the same powers as an on-duty police officer in making arrests without a warrant for violations of the law pursuant to Criminal Procedure Law, §140.10.